UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEGASYSTEMS, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> GRANT JOHNSON, KOFAX, INC., & KOFAX IMAGE PRODUCTS, INC., <br><br> DEFENDANTS. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Defendants Grant Johnson, Kofax, Inc., and Kofax Image Products, Inc.[1] (collectively, the "Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 and hereby remove this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Middlesex Division (the "Superior Court"), to the United States District Court for the District of Massachusetts. As their reasons for removal, Defendants state as follows:

1. Plaintiff Pegasystems, Inc. ("Plaintiff") recently filed a civil action in the Superior Court titled *Pegasystems, Inc. v. Grant Johnson, Kofax, Inc., and Kofax Image Products, Inc.*, Civil Action No. 13-5197 (the "Pending Action").

2. On December 3, 2013, Defendant Kofax, Inc. was served with a Summons and Complaint in the Pending Action. This Notice of Removal is timely because it is being filed

---

[1] Plaintiff named "Kofax Image Products, Inc." as a defendant in this case. Kofax Image Products, Inc. is a not a legal entity. Defendants hereby state that Kofax Image Products, Inc. was a Delaware Corporation that changed its name to Kofax, Inc. in February 2008. Therefore, Kofax Image Products, Inc. no longer exists as a legal entity.

within 30 days of the date on which Defendant Kofax, Inc. was served with process in the Pending Action.  See 28 U.S.C. § 1446(b).

3.  This Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.  As to the amount in controversy, the Complaint filed by the Plaintiff in the Superior Court asserts that Mr. Johnson formerly "had overall responsibility for [Plaintiff's] entire marketing function on a global basis" and "had overall responsibility for 70 employees and an annual budget in excess of $22,000,000."  Complaint, ¶¶ 17-18.  Plaintiff alleges that as a "member of [its] Functional Leadership Team, . . . [Mr. Johnson] was privy to a wealth of confidential information about [Plaintiff's] business, customers and employees, as well as its long range strategic plans."  Complaint, ¶ 18.  Mr. Johnson's 2012 compensation was approximately $500,000.  Complaint, ¶ 17.  Plaintiff's Complaint seeks injunctive relief to prevent Mr. Johnson from working for or otherwise providing any services to Kofax, Inc. and/or Kofax Image Products, Inc. in any capacity, and his working or providing such services would purportedly deprive Plaintiff of sales, give Defendants an unfair competitive advantage, and otherwise harm Plaintiff's good will.  See Complaint, ¶¶ 60, 64, 68, 72-73, and "Prayer for Relief."  The Complaint also states that Plaintiff seeks lost profits, attorneys' fees and other expenses incurred.  See Complaint, at "Prayer for Relief."  While the Complaint omits any specific dollar amount of recovery sought, the value of such purported lost sales, loss of good will, and attorneys' fees and other expenses necessarily exceeds $75,000.  See Hunt v. Wash. State Apple Advertising Comm., 432 U.S. 333, 347 ("in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object

of the litigation"). Still another way in which the requirement of the statutory minimum amount in controversy can be satisfied in an injunction case is by showing that the injunction would force the defendant to forgo a benefit to him that is worth more than the threshold amount specified in the diversity statute. Drulias v. ADE Corp., 2006 U.S. Dist. LEXIS 43285, at *7 (D. Mass. June 26, 2006). Because Plaintiff seeks to enjoin Defendant Johnson from working or performing any services for the corporate Defendants for one year, such an injunction would require Defendant Johnson to forego his compensation, which exceeds $75,000. See Declaration of Grant Johnson, attached as Exhibit A. Thus, the amount in controversy requirement of diversity jurisdiction is satisfied here.

5. Plaintiff Pegasystems is, upon information and belief, a Massachusetts corporation with a principal place of business in Cambridge, Massachusetts. See Complaint, ¶ 8.

6. Defendant Grant Johnson is an individual who resides in Ladera Ranch, California. See Complaint, ¶ 9.

7. Defendant Kofax, Inc. and Kofax Image Products, Inc. are both Delaware corporations whose principal places of business are in Irvine, California. See Complaint, ¶ 10.

8. Thus, there is complete diversity between the parties.

9. Accordingly, this Court has jurisdiction over the Pending Action pursuant to 28 U.S.C. § 1332(a).

10. Attached hereto as Exhibit B is a true and correct copy of all process and pleadings (including the Complaint) received by Defendants in the Pending Action. See 28 U.S.C. § 1446(a).

11.     The Pending Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Middlesex County, Massachusetts, which lies within this District.

12.     A true and complete copy of this Notice of Removal has been served this day, together with the Notice of Filing of Notice of Removal, by overnight delivery upon the Clerk of the Middlesex County Superior Court for filing in accordance with 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached hereto as <u>Exhibit C</u>.  This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via first class mail upon Plaintiff's counsel.

        Respectfully submitted,

        GRANT JOHNSON, KOFAX, INC., AND
        KOFAX IMAGE PRODUCTS, INC.

        By their attorneys,

        /s/ F. Arthur Jones II
        F. Arthur Jones II (BBO #680612)
        **LITTLER MENDELSON, P.C.**
        One International Place, Suite 2700
        Boston, MA  02110
        Phone 617.378.6030
        Fax 617.830.8242
        ajones@littler.com

December 23, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2013, a true and accurate copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants.

/s/ F. Arthur Jones II
F. Arthur Jones II

Firmwide:124646252.1 059869.1000